JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Roberto Carlos Osorio-Gomez,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-02701-PHX-MTL (MTM)

**ORDER**

Petitioner brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner alleges he is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Petitioner is a native and citizen of Mexico. (*Id.* ¶ 18.) On June 23, 2009, Petitioner was granted Lawful Permanent Resident status. (*Id.* ¶ 19.) At some point, Petitioner left the United States, and on February 19, 2026, he applied for admission as a returning Lawful Permanent Resident and was given an Order to Appear for Deferred Inspection for March 17, 2026. (*Id.* ¶ 21.) On March 25, 2026, Immigration and Customs Enforcement officials detained him and issued a Notice to Appear, charging him as

> an alien who the consular officer or the Attorney General knows or has reason to believe or has been an illicit trafficker in any controlled substance or in any listed chemical defined in section 102 of the Controlled Substances Act, or is or has been a knowing aider, abettor, assister, conspirator, or colluder with

others in the illicit trafficking in any such controlled or listed substance or chemical or endeavor.

(*Id.* ¶ 22.)

On April 9, 2026, Petitioner filed a motion for redetermination of custody. (*Id.* ¶ 23.) On April 15, 2026, an Immigration Judge denied bond on the ground that the court lacked jurisdiction to reconsider his custody status because Petitioner is an "arriving alien." (*Id.*)

Petitioner presents two claims for relief. In Count One, Petitioner asserts the mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to him. (*Id.* ¶ 41.) In Count Two, Petitioner contends the Due Process Clause of the Fifth Amendment requires that he be afforded a bond hearing. (*Id.* ¶ 43.)

The Court will require Respondents to answer the Petition. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED**:

(1)   Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(2)   If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)   The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)   Respondents must answer the Petition no later than **May 6, 2026**.

. . . .

. . . .

- 2 -

(5)     Petitioner may file a reply no later than **May 13, 2026**.

Dated this 22nd day of April, 2026.


_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

- 3 -